**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
Brian Lunnon, *on behalf of himself and others similarly situated in the proposed FLSA Collective Action,*

                                 *Plaintiff,*

          - against -

Rigolo Productions LLC, and Rick Rosa,

                         *Defendants.*
------------------------------------------------------------X

Case No.:

**Jury Trial Demanded**

**COMPLAINT**

Plaintiff Brian Lunnon ("Plaintiff" or "Lunnon"), on behalf of himself and others similarly situated, by and through his attorneys, Levin-Epstein & Associates, P.C., upon personal knowledge as to himself and upon information and belief as to others, brings this complaint against Defendants Rigolo Productions LLC, (the Corporate Defendant"), and Rick Rosa (the "Individual Defendant", and collectively with the Corporate Defendant, the "Defendants") and states as follows:

## NATURE OF THE ACTION

1.    Plaintiff brings this lawsuit seeking recovery, for himself and all other similarly situated individuals, against Defendants' violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and violations of Articles 6 and 19 of the New York State Labor Law ("NYLL") and their supporting New York State Department of Labor regulations.

2.    Plaintiff seeks injunctive and declaratory relief and to recover unpaid minimum wages, unlawfully deducted wages, liquidated and statutory damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA, NYLL, and the NYLL's Wage Theft Prevention Act ("WTPA").

## JURISDICTION AND VENUE

3.       The Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216

(b), 28 U.S.C. § 1331 and 28 U.S.C. § 1337, and has supplemental jurisdiction over Plaintiff's

claims under the NYLL pursuant to 28 U.S.C. § 1367(a).

4.       This Court has federal question jurisdiction over Plaintiff's claims pursuant to 28

U.S.C. § 1331 because his claims arise under the FLSA.

5.       Venue is proper in this District under 28 U.S.C. § 1391(b) and (c), because all

events relevant to this action occurred in this District, and the acts and omissions giving rise to

the claims herein alleged took place in this District.

## THE PARTIES

**PLAINTIFF BRIAN LUNNON**

6.       Plaintiff was employed as a barback at Defendants' performance art space and craft

cocktail lounge known as "MoonRise", located at 1329 Willoughby Ave, Brooklyn, NY 11237

from June 2022 to, through and including, August 2022.

7.       Plaintiff was employed as a non-managerial employee for Defendants from June

2022 to, through and including, August 2022.

8.       At all relevant times, Plaintiff has been an employee within the meaning of Section

3(e) of the FLSA, 29 U.S.C. § 203(e).

**DEFENDANT RIGOLO PRODUCTIONS LLC**

9.       Upon information and belief, Defendant Rigolo Productions LLC is a foreign

corporation organized and existing under the laws of Florida.

10.      Upon information and belief, Defendant Rigolo Productions LLC is licensed to do

business in the State of New York, and at all relevant times here to, maintained a principal place

of business at: 1329 Willoughby Ave, Brooklyn, NY 11237.

11.     At all times relevant to this Complaint, Defendant Rigolo Productions LLC (i) has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

12.     At all times relevant to this Complaint, Defendant Rigolo Productions LLC was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiff.

13.     At all times relevant to this Complaint, Defendant Rigolo Productions LLC was and is an employer within the meaning of the 29 U.S.C. 201 et seq. and NYLL Section 190(3), and employed employees, including Plaintiff.

**DEFENDANT RICK ROSA**

14.     Defendant Rick Rosa is an individual engaging (or who have engaged) in business within this judicial district during the relevant time period.

15.     Defendant Rick Rosa is sued individually and in his capacity as an owner, officer and/or agent of the Corporate Defendant.

16.     Defendant Rick Rosa possesses or possessed operational control over the Corporate Defendant, or controlled significant functions of the Corporate Defendant.

17.     Defendant Rick Rosa determined the wages and compensation of employees, including Plaintiff, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

18.     At all times relevant to this Complaint, Defendant Rick Rosa has been and is an

3

employer within the meaning of the 29 U.S.C. 201 et seq. and NYLL Section 190(3), and employed employees, including Plaintiff.

**DEFENDANTS CONSTITUTE JOINT EMPLOYERS**

19.     Defendants own, operate and/or control a coffee company known as "MoonRise", located at 1329 Willoughby Ave, Brooklyn, NY 11237.

20.     The Individual Defendant possesses operational control over the Corporate Defendant, possess an ownership interest in the Corporate Defendant, and controls significant functions of the Corporate Defendant.

21.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

22.     Each Defendant possessed substantial control over Plaintiff's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

23.     Defendants jointly employed Plaintiff, and all similarly situated individuals, and are Plaintiff's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 et seq. and the NYLL.

24.     In the alternative, Defendants constitute a single employer of Plaintiff and/or similarly situated individuals.

25.     Upon information and belief, the Individual Defendant operates the Corporate Defendant as either an alter ego of himself, and/or fails to operate the Corporate Defendant as an entity legally separate and apart from himself, by, among other things:

a.    failing to adhere to the corporate formalities necessary to operate the Corporate Defendant a separate and legally distinct entity;

b.    defectively forming or maintaining the Corporate Defendant, by among other things failing to hold annual meetings or maintaining appropriate corporate records;

c.    transferring assets and debts freely as between all Defendants;

d.    operating the Corporate Defendant for their own benefit as the majority shareholder;

e.    operating the Corporate Defendant for their own benefit and maintaining control over it as a closed corporation or closely controlled entity;

f.    intermingling assets and debts of their own with the Corporate Defendant;

g.    diminishing and/or transferring assets of the Corporate Defendant to protect their own interests; and

h.    other actions evincing a failure to adhere to the corporate form.

26.    At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and NYLL.

27.    Defendants had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff's services.

## FACTUAL ALLEGATIONS

28.    Plaintiff was an employee of Defendants.

29.    Plaintiff was employed as a barback at MoonRise from June 2022 to, through and including, August 2022.

30.     Plaintiff's work duties required neither discretion nor independent judgment.

31.     From June 2022 to, through and including, August 2022,  Lunnon regularly worked two (2) to three (3) days per week, from approximately 7:00 p.m. to 4:00 a.m., (*i.e.,* approximately 9 hours each day), for a total period of approximately 18 to 27 hours during each of the weeks, respectively.

32.     From June 2022 to, through and including, July 2022,  Lunnon was paid $21 per hour for all hours worked.

33.     Defendants failed to pay Lunnon *any wages* for his work performed from approximately August 1, 2022 to, through and including, August 31, 2022.

34.     At all relevant times hereto, Defendants maintained a policy and practice of unlawfully appropriating Plaintiff's, all other similarly situated individuals', tipped wages.

35.     Specifically, Defendants required Plaintiff, and all similarly situated individuals, to pool their tips pursuant to a mandated tip sharing scheme.

36.     Defendants unlawfully withheld all, or nearly all, of Plaintiff's tips, and all similarly situated individuals' tips.

37.     As the manager and owners of MoonRise, Defendants should not have taken a share of Plaintiff's, and all similarly situated individuals' tips.

38.     The employer-mandated tip sharing scheme imposed on Plaintiff and other servers is not customary.

39.     The employer-mandated tip sharing imposed on Plaintiff was not reasonable.

40.     Defendants did not establish, maintain, and preserve records as required by law, or did not make any such records available to Plaintiff or other participants in the mandated tip sharing scheme, that included: (1) a daily log of the tips collected by each employee on each shift,

whether in cash or by credit card; (2) a list of occupations that the employer deemed eligible to receive tips through tip sharing; (3) the shares of tips that each occupation was scheduled to receive from tip sharing; and (4) the amount in tips that each employee received from the tip share by date.

41.     Defendants did not post in a conspicuous place notices issued by the Department of Labor about wage and hour laws, tip appropriations, or illegal deduction provisions.

42.     Defendants' conduct extended beyond Plaintiff to all other similarly situated employees.

43.     Defendants did not state the correct gross wages, as defined by NYLL, for any employee on any pay statement as required by NYLL or deductions from the correct gross wages.

44.     At all relevant times, Defendants did not compensate Plaintiff for one hour's pay at the basic minimum hourly wage rate for each day his shift exceeded ten (10) hours.

45.     Defendants never granted Plaintiff with meal breaks or rest periods of any length.

46.     Plaintiff was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device, such as sign in sheets or punch cards, that accurately reflected his actual hours worked.

47.     No notification, either in the form of posted notices, or other means, was ever given to Plaintiff regarding wages are required under the FLSA or NYLL.

48.     Defendants did not provide Plaintiff a statement of wages, as required by NYLL 195(3).

49.     Defendants did not give any notice to Plaintiff of his rate of pay, employer's regular pay day, and such other information as required by NYLL § 195(1).

50.     At all relevant times, Defendants did not pay Plaintiff at the rate of one and one-

half times his hourly wage rate for hours worked in excess of forty per workweek.

## FLSA COLLECTIVE ACTION ALLEGATIONS

51.    Plaintiff brings the First Claim for Relief as a collective action pursuant to FLSA §16(b), 29 U.S.C. §216(b), on behalf of all non-exempt persons (including but not limited to barbacks) employed by Defendants on or after the date that is six years before filing of the Complaint in this case, as defined herein ("FLSA Collective Plaintiffs").

52.    At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines and rules willfully failing and refusing to pay them at the legally required minimum wages and tips. These claims of the Plaintiff are essentially the same as those of the FLSA Collective Plaintiffs.

53.    The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to under FLSA §16(b), 29 U.S.C. §216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and others related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

54.    Plaintiff reserves the right to re-define the FLSA Collective Plaintiffs prior to notice or collective certification, and thereafter, as necessary.

## FIRST CLAIM
### (FLSA – Unpaid Minimum Wages, 29 U.S.C. § 201 *et seq*.)

55.    Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

56.    Defendants willfully and intentionally failed to compensate the Plaintiff with the

applicable minimum hourly wage in violation of the FLSA, 29 U.S. Code § 206.

57.      Defendants have failed to make a good faith effort to comply with the FLSA with respect to compensation of Plaintiff.

58.      Due to Defendants' violations of the FLSA, Plaintiff, on behalf of himself and FLSA Collective Plaintiffs, is entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, pursuant to the FLSA, all in an amount to be determined at trial. 29 U.S.C. § 216(b).

## SECOND CLAIM
### (NYLL – Unpaid Minimum Wages, N.Y. Stat. § 650 *et seq.*)

59.      Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

60.      Defendants willfully and intentionally failed to compensate the Plaintiff with the applicable minimum hourly wage in violation of the NYLL §650 *et seq.*

61.      Defendants have failed to make a good faith effort to comply with the NYLL with respect to compensation of Plaintiff.

62.      Due to Defendants' violations of the NYLL, Plaintiff, on behalf of himself and FLSA Collective Plaintiffs, is entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, in an amount to be determined at trial, pursuant to the NYLL § 663.

## THIRD CLAIM
### (NYLL WTPA– Failure to Provide Wage Notices)

63.      Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth

herein.

64.     The NYLL and the WTPA require employers to provide all employees with a written notice of wage rates at the time of hire.

65.     In violation of NYLL §195 (1), Defendants failed to furnish to Plaintiff at the time of hiring, or whenever their rate(s) of pay changed, with a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other, allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL §191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address, if different; the telephone number of the employer, and anything otherwise required by law.

66.     Due to Defendants' violations of NYLL §195 (1), Plaintiff is entitled to recover his liquidated damages, reasonable attorney's fees and cost and disbursement of the action, pursuant to the NYLL §198 (1-b).

## FOURTH CLAIM
### (Violation of the Wage Statement Provisions of the NYLL)

67.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

68.     With each payment of wages, Defendants failed to provide Plaintiff with a statement listing each of the following the dates of work covered by the payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; the number of regular hours worked; the number of overtime hours worked, as required by the NYLL § 195(3).

10

69.     As a result of Defendant's violation of the WTPA, Plaintiff is entitled to damages of at least $150 per week during which the violations occurred.

## FIFTH CLAIM
### (NYLL – Unlawful Deductions from Wages)

70.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

71.      At all relevant times, Defendants were Plaintiff's employers within the meaning of the NYLL §§ 2 and 651.

72.     NYLL § 196-d prohibits any employer or his agents, including owners and managers, from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity, or any charge purported to be a gratuity, for an employee.

73.     Defendants unlawfully misappropriated a portion of Plaintiff's tips that were received from customers.

74.     Defendants knowingly and intentionally retained a portion of Plaintiff's tips in violations of the NYLL and supporting Department of Labor Regulations.

75.     Plaintiff was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and FLSA Collective Plaintiffs, respectfully requests that this Court enter a judgment:

a.     authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as nonexempt employees. Such notice shall inform them that the civil notice has been

filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied minimum wages and tips;

b.      certification of this case as a collective action pursuant to the FLSA;

c.      issuance of notice pursuant to 29 U.S.C. § 216(b), to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his counsel to represent the FLSA Collective Plaintiffs;

d.      declaring that Defendants violated the illegal deduction provisions of the NYLL;

e.      declaring that Defendants violated the spread-of-hours pay provisions of the NYLL and NYDOL Regulations;

f.      declaring that Defendants violated the notice statement pay provisions of the NYLL and WTPA;

g.      declaring that Defendant violated the timely pay provisions of the NYLL;

h.      awarding Plaintiff illegally deducted tips;

i.      awarding unpaid wages under New York State law for failure to pay timely wages;

j.      awarding Plaintiff liquidated damages in an amount equal to the total amount of wages found to be due;

k.      awarding Plaintiff statutory damages as a result of Defendants' failure to furnish accurate wage notice pursuant to the NYLL;

l.      awarding Plaintiff pre- and post-judgment interest under the NYLL;

m.      awarding Plaintiff reasonable attorneys' fees and the costs and disbursements of this action; and

n.      Such other relief as this Court deems just and proper.

Dated: New York, New York
          December 13, 2022                    Respectfully submitted,


                                               By: /s/ Joshua Levin-Epstein
                                                   Joshua Levin-Epstein
                                                   Jason Mizrahi
                                                   Levin-Epstein & Associates, P.C.

12

60 East 42nd Street, Suite 4700
New York, New York 10165
Tel: (212) 792-0046
Email: Joshua@levinepstein.com
*Attorneys for the Plaintiff and proposed FLSA*
*Collection Action Plaintiffs*