UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
BRIAN LUNNON, on behalf of himself and
others similarly situated in the proposed
FLSA Collective Action,

             Plaintiff,

      -against-

RIGOLO PRODUCTIONS LLC, and
RICK ROSA,

            Defendants.
------------------------------------------------------X

REPORT AND
<u>RECOMMENDATION</u>
22 CV 7560 (RPK)(RML)

LEVY, United States Magistrate Judge:

By order dated October 10, 2025, the Honorable Rachel P. Kovner, United States

District Judge, referred plaintiff's unopposed motion to amend the case caption and to amend the

judgment to me for report and recommendation.  For the reasons stated below, I respectfully

recommend that the motion be granted.

<b>BACKGROUND</b>

Plaintiff Brian Lunnon ("plaintiff") commenced this action on December 13,

2022, asserting claims under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* and the

New York Labor Law.  (<u>See</u> Complaint, dated Dec. 13, 2022 ("Compl."), Dkt. No. 1.)  By order

dated March 10, 2025, Judge Kovner adopted my Report and Recommendation of January 27,

2025, granted plaintiff's motion for default judgment against defendants Rigolo Productions

LLC and Rick Rosa ("defendants"), and awarded plaintiff $16,905 in damages, plus attorney's

fees, costs, and prejudgment interest.  (<u>See</u> Order Adopting Report and Recommendation, dated

Mar. 10, 2025.)  Judgment was entered against defendants in the total amount of $29,776.46 plus

post-judgment interest on March 10, 2025.  (<u>See</u> Judgment, dated Mar. 10, 2025, Dkt. No. 41.)

Plaintiff now moves under Rules 15(a) and 60(a) of the Federal Rules of Civil Procedure to amend the caption and the judgment to correct the spelling of the name of defendant Rick Rosa to "Rick Rosa (a/k/a Juan E. Rosa) (a/k/a Robert J. Rosa)" so that plaintiff may properly enforce the judgment.  (Letter of Jason Mizrahi, Esq., dated May 1, 2025 ("Pl.'s Mot."), Dkt. No. 44.)  According to plaintiff, defendant Rick Rosa "also goes by the pseudonyms 'Juan E. Rosa' and 'Robert J. Rosa.'"  (Id. at 1.)

### DISCUSSION

Rule 15(a) provides, in relevant part, that "[t]he court should freely give leave [to amend] when justice so requires."  FED. R. CIV. P. 15(a)(2).  "Amendments to make technical changes concerning a party are generally permissible."  United States v. Edwards, 241 F.R.D. 146, 148 (E.D.N.Y. 2007) (internal quotation marks and citations omitted); see also Daniels v. Loizzo, 174 F.R.D. 295, 300 (S.D.N.Y. 1997) (allowing plaintiff to amend complaint to correct spelling of defendant's name).  Likewise, Rule 60(a) states that "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record."  FED. R. CIV. P. 60(a).  The Second Circuit has held that "in appropriate circumstances, a district court may employ [Rule 60(a)] to correct misnomers in a party's name."  Robinson v. Sanctuary Music, 383 F. App'x 54, 57 (2d Cir. 2010); see also Rosario v. Fresh Smoothies LLC, No. 20 CV 5831, 2022 WL 3030602, at *2 (S.D.N.Y. Aug. 1, 2022) (granting motion to amend caption and issuing a revised judgment to correct defendant's name); Munetz v. Eaton Yale & Towne, Inc., 57 F.R.D. 476, 479 (E.D. Pa. 1973) ("The 'misnomer' rule applies to situations in which the plaintiff has actually sued and served the correct party, the party he intends to sue, but merely mistakenly has used the wrong name of the defendant in the caption of the complaint.") (collecting cases).  "Such a misnomer may be corrected when '[plaintiff] did not select the wrong defendant but committed the lesser

2

sin of mislabeling the right defendant.'" Robinson, 383 F. App'x at 57 (quoting Datskow v. Teledyne, Inc., Cont'l Prods. Div., 899 F.2d 1298, 1301 (2d Cir. 1990)).  Factors courts consider in determining whether a party mislabeled the right defendant such that the court can correct the misnomer are: (i) whether the plaintiff identified the defendant in several ways; (ii) whether the defendant's correct address appeared on the complaint; and (iii) the degree of similarity between the name contained in the complaint and the actual name.  Id.  Here, all three factors point in favor of a finding that plaintiff mislabeled the correct defendant.

First, plaintiff identified defendant Rick Rosa in several ways.  The complaint identified defendant "Rick Rosa" as an "owner, officer and/or agent" of defendant Rigolo Productions LLC and as the person who "determined the wages and compensation of employees, including Plaintiff, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees." (Compl. ¶¶ 15, 17.)  Plaintiff's counsel states that, at the outset of this action, research in public databases and on social media identified the individual defendant as "Rick Rosa." (Pl.'s Mot. at 3, Exs. A, B.)  However, when plaintiff began enforcement proceedings following the entry of judgment, additional due diligence revealed that this defendant uses the pseudonyms "Juan (Rick) Rosa," "Juan E. Rosa," and "Robert J. Rosa" in connection with his work as a real estate broker.  (Id. at 3, Exs. C, D, E.)

Next, the complaint lists the address for defendants as 1329 Willoughby Avenue, Brooklyn, New York 11237, the event space where plaintiff worked.  (Compl. ¶¶ 6, 10, 19.)  Defendant Rosa was served with the summons and complaint, and other documents, at that address.  (See Affidavit of Service of Jeremy Coley, sworn to Aug. 9, 2023, Dkt. No. 17; Affirmation of Service of Jason Mizrahi, Esq., dated Apr. 18, 2024, Dkt. No. 29; Affirmation of Service of Jason Mizrahi, Esq., dated Jan. 31, 2025, Dkt. No. 40.)  After plaintiff filed his motion

for default judgment, Rosa entered a notice of pro se appearance under the name "Juan Enrique Rosa" and requested an extension of time to respond. (See Letter of Juan Rosa, dated Aug. 8, 2024, Dkt. No. 35; Notice of Pro Se Appearance, dated Sept. 6, 2024 ("Notice"), Dkt. No. 36.) That request and a second one were both granted, giving Rosa until October 6, 2024 to file his response. (See Order, dated Aug. 12, 2024; Letter of Juan Rosa, dated Sept. 6, 2024, Dkt. No. 37; Order, dated Sept. 11, 2024.) Rosa never filed any response, but his appearance confirms that he received the summons and complaint and that he goes by the name "Juan E. Rosa."[1]

Finally, there is a high degree of similarity between the names "Rick Rosa," "Juan E. Rosa," and "Robert J. Rosa," as all use the same last name. Accordingly, I find that plaintiff has met his burden of demonstrating that defendant Rosa uses these alternate names, and I respectfully recommend that the motion to amend the caption and judgment be granted.

## CONCLUSION

For the reasons set forth above, I respectfully recommend that plaintiff's motion be granted. Plaintiff's counsel is directed to serve copies of this Report and Recommendation on defendants by regular mail, and to file proof of service with the court within ten days of this Report and Recommendation. Any objections to this Report and Recommendation must be filed electronically within fourteen days. Failure to file objections within the specified time waives the right to appeal the district court's order. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(d).

Respectfully submitted,

*Robert M. Levy*

ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, New York
          November 12, 2025

---

[1] Rosa also gave his email address as juan.rosa1780@gmail.com. (See Notice.)

4